UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KELLY CODRINGTON,

              Plaintiff,

   -against-

CARCO GROUP,

              Defendant.
-------------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
13-CV-2780 (SJF)(ARL)

On May 8, 2013, *pro se* plaintiff Kelly Codrington ("plaintiff") commenced this action alleging pregnancy discrimination by her former employer, Carco Group ("defendant"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42. U.S.C. §§ 2000e, *et seq.* Pending before the Court is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. For the reasons set forth below, the motion is denied.

I.     Background[1]

Plaintiff was hired by defendant on or about March 2011. (Compl. ¶ 8, at 1). During her employment, plaintiff worked with "older women of non bearing ages, women who were middle aged of non bearing ages, single women with no family, and one othe[r] girl around [plaintiff's] age who was hiding her pregnancy out of fear." (*Id.* at 2-3).

---

[1] The facts are taken from the allegations in plaintiff's complaint, which the Court assumes to be true for purposes of the instant motion to dismiss. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (On a motion to dismiss, the Court "consider[s] the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor. (citation omitted)). Paragraph eight (8) of plaintiff's complaint is a lengthy handwritten narrative, which begins in the space provided on page four (4) and continues on handwritten pages that are individually numbered. The Court cites to this handwritten narrative as "Compl. ¶ 8, at [ ]," indicating the handwritten page number.

In the fall of 2011, plaintiff informed her supervisor, John Leonard ("Leonard"), that she was pregnant, that she "inten[ded] to stay with the company through [her] pregnancy and wanted to return after as well." (*Id.* at 2). During this meeting, plaintiff told Leonard that "[she] was nervous about [her] job security because [she] wouldn't be with the company a full year or be FMLA protected whe[n] [she] went out to delivery [her] son." (*Id.*). Plaintiff told Leonard that she "would be calling for [her] job back in 6 weeks," but "[Leonard] said he couldn't guarantee [her] job come January 2012 when [plaintiff] was expected to return." (*Id.*).

Plaintiff contends that she "was an excellent performer [and] the company just didn't want to deal with a working mom and that was evident based upon how [plaintiff] was treated differently during [her] pregnancy." (*Id.* at 5). During her employment, plaintiff was disciplined for "lateness and electronic use." (*Id.* at 3).

Plaintiff continued working for defendant "until December 2011 when [she] left to deliver [her] son." (*Id.* at 2). Following plaintiff's departure in December 2011, "[defendant] had a college student affiliated to [Leonard] sitting in [plaintiff's] position 5 weeks after [she] left to deliver." (*Id.* at 6). When plaintiff called defendant roughly six (6) weeks following the birth of her son, plaintiff was informed that there was no job available for her. (*Id.*). Plaintiff contends that defendant "us[ed] [her] pregnancy in a plot to falsly [sic] degrate [sic] [her] and replace [her] with a women [sic] with no children." (*Id.*).

In May 2012, plaintiff filed a Verified Complaint with the New York State Division of Human Rights ("NYSDHR") (Compl. ¶ 9), alleging that she was discriminated against by defendant on the basis of her gender and pregnancy ("NYSDHR Complaint"). (Declaration of

Margaret L. Watson ("Watson Decl.") [Docket Entry No. 20-2], Ex. B).[2] In the NYSDHR Complaint, plaintiff alleges that while her last day of work was December 7, 2011, her employment was terminated six (6) weeks after she delivered her son on January 20, 2012. (Watson Decl., Ex. B, at 7). In June 2012, plaintiff's NYSDHR Complaint was also filed with the EEOC. (Compl. ¶ 10; Watson Decl., Ex. C). On October 2, 2012, the NYSDHR issued a Determination and Order After Investigation ("NYSDHR Order"), dismissing plaintiff's complaint upon finding that "[t]he investigation failed to support the complainant's allegation that she was discriminated against on the basis of her sex (pregnancy), when she was disciplined, poorly reviewed, and terminated by the respondent." (Watson Decl., Ex. D). On March 6, 2013, the EEOC issued a Dismissal and Notice of Rights, which adopted the findings of the NYSDHR relating to plaintiff's claims of gender and pregnancy discrimination. (Compl. at 6).

On May 8, 2013, plaintiff commenced the instant action, alleging that defendant terminated her employment on the basis of her gender and pregnancy in violation of Title VII. (Compl. ¶¶ 4, 7). Plaintiff's complaint does not allege any other federal or state claim.

II. Discussion

    A. Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is

---

[2] In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in addition to the facts alleged in the complaint, the Court must consider any documents attached to the complaint as exhibits or incorporated by reference therein, or documents "where the complaint 'relies heavily upon the terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). Plaintiff's prior administrative filings with the NYSDHR and the United States Equal Employment Opportunity Commission ("EEOC"), and the orders issued pursuant to those filings, are "integral" to plaintiff's complaint, and are properly considered by the Court on the instant motion to dismiss.

3

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955, 167 L.Ed.2d 929). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 545, 127 S.Ct. 1955, 167 L.Ed.2d 929. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868.

District courts are required to read *pro se* complaints liberally, *Erickson*, 551 U.S. at 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014); *see also Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise

the strongest arguments that they suggest." (internal quotation marks and citation omitted)). Moreover, in deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (quotations and citations omitted)). Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010); *see also Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir.2011) ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." (internal quotations and citation omitted)).

B. Title VII Discrimination

Title VII makes it unlawful for an employer "to discharge any individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). In 1978, Congress amended Title VII "to prohibit sex discrimination on the basis of pregnancy." Pregnancy Discrimination Act of 1978 ("PDA"), Pub. L. No. 95-555, 92. Stat. 2076 (1978). The PDA provides that "women affected

by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes." 42 U.S.C. 2000e(k).

"Pregnancy discrimination claims are analyzed using the three-step burden-shifting analysis set forth in *McDonnell Douglas [Corp.] v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *DeMarco v. CooperVision, Inc.*, 369 F. App'x 254, 255 (2d Cir. 2010) (summary order). Under this framework, the plaintiff has the burden of first establishing a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817, 36 L.Ed.2d 668. "A plaintiff can establish a *prima facie* case of pregnancy discrimination under Title VII by showing that (1) she is a member of a protected class; (2) she satisfactorily performed the duties required by the position; (3) she was discharged; and (4) her position remained open and was ultimately filled by a non-pregnant employee." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 401 (2d Cir. 1998) (internal quotation marks omitted). "A plaintiff's burden of establishing a *prima facie* case is *de minimis*." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467 (2d Cir. 2001). Since defendants do not challenge the sufficiency of plaintiff's allegations with respect to the first three (3) elements,[3] it is assumed, for purposes of this motion, that the complaint sufficiently pleads the first three (3) elements of a *prima facie* case of pregnancy discrimination. Thus, the Court will only examine the fourth prong of the *prima facie* test.

Defendant argues that plaintiff has failed to satisfy the fourth element because "she cannot demonstrate circumstances giving rise to an inference of pregnancy discrimination."

---

[3] *See* Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Def.' Memo") [Docket Entry No. 20-1], at 6 ("Here, assuming *arguendo* that Plaintiff can demonstrate the first three elements, on the basis of the facts pleaded, Plaintiff cannot demonstrate the requisite fourth element as she cannot demonstrate circumstances giving rise to an inference of pregnancy discrimination.").

6

Def.' Memo, at 6. Defendant's recitation of the fourth element of employment discrimination relies on a case involving racial discrimination, and not pregnancy discrimination. *See Simmons v. Akin Gump Strauss Hauer & Feld*, 508 F. App'x 10, 12 (2d Cir. Jan. 24, 2013) (summary order) (noting fourth element of *prima facie* case of racial discrimination requires plaintiff to show "circumstances giving rise to an inference of discrimination on the basis of her membership in that class"). Furthermore, the cases cited by defendant to challenge plaintiff's satisfaction of the fourth element are inapposite because they did not involve pregnancy discrimination, and were decided at the summary judgment stage, and not on a motion to dismiss.[4] At this stage, plaintiff is merely required to plead facts that could plausibly assert a pregnancy discrimination claim. *See Stoller v. Inst. for Integrative Nutrition*, No. 13 Civ. 1275, 2013 WL 6068598, at *13 (S.D.N.Y. Nov. 18, 2013) (noting plaintiffs pled facts sufficient to survive motion to dismiss under Title VII for retaliation claim based on complaints of pregnancy discrimination).

In a pregnancy discrimination case, a plaintiff may satisfy the fourth element by demonstrating that "her position remained open [after her discharge] and was ultimately filled by a non-pregnant employee." *Quarantino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir. 1995). Plaintiff has alleged that her position remained open for five (5) weeks and was ultimately filled by "a college student" "with no children." *See* Compl. ¶ 8 at 6; *see also* Def.' Memo at 2 ("Following Codrington's departure from CARCO in December 2011, her job duties were

---

[4] *See Simmons*, 508 F. App'x at 12-14 (affirming summary judgment dismissing employee's claim of racial discrimination); *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491-95 (2d Cir. 2010) (affirming summary judgment in favor of defendants on plaintiff's mental health, national original, and racial discrimination claims); *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377-82 (2d Cir. 2003) (vacating dismissal of plaintiff's religious discrimination claims by district court on motion for summary judgment); *Murray v. Visiting Nurse Servs.' of N.Y.*, 528 F. Supp. 2d 257, 268 (S.D.N.Y. 2007) (granting summary judgment in favor of defendant on plaintiff's gender discrimination claim).

7

assigned to another woman of child-bearing age."). While plaintiff does not specifically allege that this college student was not pregnant, a liberal construction of the pleadings requires this Court to construe that allegation as such. *See Warren v. Colvin*, 744 F.3d at 843. Accordingly, plaintiff has "satisfied the fourth prong because she has alleged that her position remained open and was ultimately filled by a non-pregnant employee, which is sufficient to establish a *prima facie* case of pregnancy discrimination." *Turner v. Eastconn Reg'l Educ. Serv. Ctr.*, No. 12-cv-788, 2013 WL 1092907, at *9 (D.Conn. Mar. 15, 2013) (denying motion to dismiss Title VII pregnancy discrimination claim because plaintiff pled sufficient facts to establish *prima facie* case of pregnancy discrimination); *see also Briggs v. Women In Need, Inc.*, 819 F. Supp. 2d 119 (E.D.N.Y. 2011) (denying 12(b)(6) motion to dismiss where plaintiff established a *prima face* case of pregnancy discrimination). Therefore, defendant's motion to dismiss plaintiff's Title VII pregnancy discrimination claim is denied.

III. Conclusion

For the foregoing reasons, defendant's motion to dismiss is denied. Pursuant to Rule 5(D) of the individual rules of the Honorable Sandra J. Feuerstein, United States District Judge, this matter is respectfully referred to the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, for an initial conference and all pretrial matters. A pretrial conference is scheduled before Judge Feuerstein in Courtroom 1010 at the Central Islip Courthouse, located at 100 Federal Plaza, Central Islip, NY 11722, on Monday, January 5, 2014 at 11:15 a.m., at which time all discovery must be completed.

In accordance with Rule 77(d) of the Federal Rules of Civil Procedure, the Clerk of Court shall serve a copy of this order upon all parties, including mailing a copy of this order to the *pro se* plaintiff, and shall record such service on the docket.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: June 27, 2014
Central Islip, New York